UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division


CASE NO. 13-CIV-60983-DIMITROULEAS

MAGISTRATE:  JUDGE SNOW


TYRON CASEY; RENEE THOMAS;
ROBERT FERGUSON
on behalf of themselves and
all others similarly situated,

      Plaintiffs,

vs.

BANK OF AMERICA, N.A., SUCCESSOR
BY MERGER TO BAC HOME LOANS
SERVICING, L.P., a wholly owned
Subsidiary of Bank of America,

      Defendants.
_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

This First Amended Complaint is a putative class action on behalf of the Plaintiffs,

TYRON CASEY; RENEE THOMAS; ROBERT FERGUSON and a class of all similarly

situated persons against BANK OF AMERICA, N.A. ("BANA") and BAC HOME LOANS

SERVICING, L.P., ("BAC") (together, "Defendants"). The Plaintiffs, TYRON CASEY; RENEE

THOMAS; ROBERT FERGUSON ("Plaintiffs") individually and on behalf of themselves and

all others similarly situated, by and through their undersigned counsel, brings this First Amended

Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) and 23, and S.D. Fla.

L.R. 15.1, against the Defendants, BANK OF AMERICA, N.A. and BAC HOME LOANS

SERVICING, L.P., and all facts being extant and material hereto alleges:

## GENERAL ALLEGATIONS (JURISDICTION)

1. This is a Class Action for both damages in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs, and equitable relief.

2. Plaintiff, TYRON CASEY is, in all respects, *sui juris* and resident of the State of Florida and more specifically resides at 1017 NE 17th Street, Fort Lauderdale, FL 33305.

3. Plaintiff, RENEE THOMAS is, in all respects, *sui juris* and resident of the State of Florida and more specifically resides at 335 Ocean Drive, Apt. 132, Miami Beach, FL 33139.

4. Plaintiff, ROBERT FERGUSON is, in all respects, *sui juris* and resident of the State of Florida and more specifically resides at 2014 NE 30 Street, Fort Lauderdale, FL 33306.

5. Defendant BANA is a corporation authorized to do and doing business in Broward County, Florida with its headquarters located at 100 North Tryon Street, Charlotte NC. BANA originates and services residential mortgages throughout the United States and Florida.

6. Defendant, BAC, at the time of serving the notice of acceleration letters to Plaintiffs TYRON CASEY; RENEE THOMAS; ROBERT FERGUSON was a wholly owned subsidiary of BANA which serviced BANA mortgages and was a Delaware corporation headquartered in Plano, Texas which also does business in Florida.[1]

7. Defendants have initiated foreclosure proceedings against the named Plaintiffs and others similarly situated in the State of Florida.

---

[1] In Defendant's Motion to Dismiss (D.E. 10), footnote #1 of their Preliminary Statement stated that as of July 1, 2011, BANA became successor by merger to BAC, and as such BANA and BAC are a single entity.  However, the acceleration letter was sent to Plaintiffs TYRON CASEY, RENEE THOMAS, and ROBERT FERGUSON by BAC on May 17, 2010, September 16, 2009, and January 17, 2011 respectively, therefore BAC was a separate entity at the time said notice was provided to Plaintiffs TYRON CASEY, RENEE THOMAS and ROBERT FERGUSON.

8.  As a result of its irresponsible lending practices, BANA is dealing with an unprecedented number of foreclosures throughout the State of Florida.

9.  BANA representatives have testified before members of Congress that they owe a duty of good faith and fair dealing with respect to their borrowers, including Plaintiffs and putative Class Members.

10. Note holders and mortgage holders have a right to collect amounts due under a delinquent note and mortgage but they have the duty and responsibility to do so within the confines of the law.

11. Note holders and mortgage holders attempting to foreclose on a delinquent mortgage have a duty not to misrepresent facts or commit a fraud upon the court while utilizing the foreclosure process.

12. The Defendants have a duty to comply with the conditions precedent required by the mortgage prior to accelerating the promissory note.

13. The terms of the mortgage notes used in the state of Florida by Defendants to borrowers were identical or so similar in terms to the claims of the Plaintiffs and putative Class Members herein if there are any differences they are insignificant to the Plaintiffs and putative Class Members' claims here.

14. Attached hereto as Exhibit "1" is a copy of the Plaintiffs TYRON CASEY and putative Class Members' mortgage.

15. Attached hereto as Exhibit "2" is the form of notice used by the Defendants as a "Notice of Intent to Accelerate" their mortgage.

## **VENUE**

16. Venue is proper in the Southern District of Florida as the violations alleged by the

Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members occurred in Broward and Miami-Dade Counties, Florida, where the Defendants filed foreclosure actions against the Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members, transmitted communications to the Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members in order to collect debts, and collected debts and sought to collect debts to which it was not entitled.

## CLASS REPRESENTATION ALLEGATIONS

17. Pursuant to Fed. R. Civ. P. 23, Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members bring this claim on behalf of all persons who borrowed money and signed a mortgage and promissory note which is secured by real estate promising to repay the loan tendered by the Defendants BANA.

18. This Class consists of:

A. All persons who had a clerk's default judgment entered against them in litigation with BANA based on the assertion that they have defaulted on the terms of their promissory note and mortgage and have received the form identical or substantially similar to attached Exhibit 2, but who still have title to their real estate;

B. All persons who had a clerk's default judgment, then subsequently a final judgment of foreclosure entered against them in litigation with BANA within one (1) year, based on the assertion that they have defaulted on the terms of their promissory note and mortgage and have received the form Exhibit 2, but who still have title to their real estate;

C. All persons who had a clerk's default judgment, then subsequently a final judgment

of foreclosure entered against them in litigation with BANA within one (1) year, based on the assertion that they have defaulted on the terms of their promissory note and mortgage and have received the form Exhibit 2, and who have lost title to their real estate back to their lender or its assigns as a result of the foreclosure sale;

D.   All persons who had a clerk's default judgment, then subsequently a final judgment of foreclosure entered against them in litigation with BANA within one (1) year, based on the assertion that they have defaulted on the terms of their promissory note and mortgage and have received the form Exhibit 2, and their real estate has been sold to a third party;

E.   All persons who are currently in foreclosure litigation with BANA based on the assertion that they have defaulted on the terms of their promissory note and mortgage and have received the form Exhibit 2, but who still have title to their real estate;

F.   All persons who are currently in foreclosure litigation with BANA based on the assertion that they have defaulted on the terms of their promissory note and mortgage and have received the form Exhibit 2, but who won summary judgment against BANA based expressly on the fact that form Exhibit 2 was found to be defective;

G.   All persons who are currently in foreclosure litigation with BANA and have a final judgment of foreclosure entered against them within one (1) year, based on the assertion that they have defaulted on the terms of their promissory note and mortgage and have received the form Exhibit 2, but who still have title to their real estate;

H.   All persons who were in foreclosure litigation with BANA and had a final judgment of foreclosure entered against them within one (1) year, based on the assertion that they have defaulted on the terms of their promissory note and mortgage and have

5

received the form Exhibit 2, and who have lost title to their real estate back to their

lender or its assigns as a result of the foreclosure sale; and

I.   All persons who were in foreclosure litigation with BANA and had a final judgment

of foreclosure entered against them within one (1) year, based on the assertion that

they have defaulted on the terms of their promissory note and mortgage and have

received the form Exhibit 2, and their real estate has been sold to a third party.

19. Numerosity:  Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON

and putative Class Members allege on information and belief that the number of putative

Class Members is so numerous that joinder of all of them is impractical. Plaintiffs' beliefs

are based on the fact that during the past 5 years, there have been in excess of 1,800,000

foreclosures filed in the State of Florida, and that the Defendants represent the largest

number of lenders filing said foreclosures.

20. The members of this putative Class will be easily ascertained from the records of the

Defendants when discovery commences herein.  These records will indicate that the

Defendants filed a foreclosure action based on the assertion that the borrower defaulted

on the terms of their mortgage after having received the form Exhibit 2 from the

Plaintiffs.

21. Commonality:  Question of law and fact, which are common to each member of The

Class that predominates over any questions affecting any individual members including,

*inter alia*, the following:

A.   Whether in a foreclosure action, the Defendants notified the Plaintiffs, TYRON

CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members of

their intent to accelerate the mortgage loan by use of a form using the words of

6

Exhibit 2 and in those instances when the Defendants failed to comply with the conditions precedent of the mortgage note accelerated the loan;

B.   Whether in a foreclosure action, the Defendants obtained a judgment by misrepresentation to the court when the Defendants notified the Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members of their intent to accelerate the mortgage loan by use of a form using the words of Exhibit 2 and in those instances when the Defendants failed to comply with the conditions precedent of the mortgage note accelerated the loan;

C.   Whether in a foreclosure action, the Defendants claimed, attempted, or threatened to assert to the Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members their intent to accelerate the mortgage loan by use of a form using the words of Exhibit 2 and in those instances when the Defendants failed to comply with the conditions precedent of the mortgage note accelerated the loan;

D.   Whether the Defendants engaged in deceptive business practices in connection with filing foreclosures by not satisfying all conditions precedent.

E.   Whether Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members suffered an ascertainable loss as a result of Defendants' acts;

F.   Whether Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members were aggrieved with actual damages as a result of Defendants' acts; and

G.   Whether Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members suffered damages as a result of Defendants' acts.

7

22. <u>Typicality:</u>  Class Representatives claim raises questions of law and fact that are common to claims of each member of The Class. Specifically, the central issues raised by this action are whether the Defendants notified the Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members of their intent to accelerate the mortgage loan by use of a form using the words of Exhibit 2 and in those instances when the Defendants failed to comply with the conditions precedent of the mortgage note accelerated the loan.

23. <u>Adequacy:</u>  The claims of The Class Representatives are typical of the claim(s) of each member of The Class.

24. The Class Representatives are Florida residents who will fairly and adequately protect and represent the interest of each member of The Class. Additionally, the Class Representatives are fully cognizant of their responsibilities as Class Representatives, and have retained experienced counsel fully capable of, and intent upon, vigorously pursuing this action.

25. Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members also bring this action under Federal Rule of Civil Procedure 23 because the Defendants have acted or refused to act on grounds generally applicable to all members of the Class, thereby making final injunctive and/or declaratory relief concerning the Class as a whole appropriate. In the absence of appropriate injunctive and/or declaratory relief, the Defendants will continue to violate F.S §§559.72 and 501.201. The Defendants' uniform conduct towards Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members and other members of the putative Class make certification under Fed. R. Civ. P. 23 appropriate.

26. The question of law or fact common to Class Representatives' claim and the claim of each member of The Class predominate over any question of law or fact affecting only individual members of The Class. Additionally, the prosecution of separate claims by or against individual members of The Class would create a risk of The Class which would, as a practical matter, be dispositive of the interest of other members of The Class who are not parties to the adjudication(s), or would substantially impair or impede the ability of other members of the class who are not parties to the adjudication(s) to protect their interest. Class Representation is therefore clearly superior to other available methods for the fair and efficient adjudication of this controversy.

## THE EXPERIENCES OF THE NAMED PLAINTIFF
## (TYRON CASEY)

27. On August 17, 2007, Plaintiff herein, TYRON CASEY received a Bank of America loan secured by a mortgage on his home, 1017 NE 17th Street, Ft. Lauderdale, FL 33305. (Mortgage, Exhibit 1)

28. Under the terms of the mortgage and promissory note, Plaintiff herein, TYRON CASEY was required to make monthly payments of $1603.12. (Promissory Note, Exhibit 3)

29. On May 17, 2010, BAC mailed to Plaintiff herein, TYRON CASEY a notice of acceleration of his mortgage for allegedly not making his April 1, 2010 payment. (Notice of Acceleration, Exhibit 2)

30. On February 7, 2012, BANA wrongfully filed a foreclosure lawsuit against Plaintiff, TYRON CASEY in the 17th Judicial Circuit, Broward County, Florida, case number CACE 12-003317(11), when Defendants herein failed to meet all conditions precedent.

31. BANA's verified complaint asserted that Plaintiff herein, TYRON CASEY had defaulted

on the terms of his promissory note and mortgage by not making his April 1, 2010

payment. (Complaint ¶7, Exhibit 4)

32. Plaintiff, TYRON CASEY made his April 1, 2010 payment, and his answer and

affirmative defenses expressly denied BANA's allegation that the April 1, 2010 payment

had not been made.[2]  (Answer ¶2, Exhibit 5)

33. At a hearing on January 10, 2013, Defendant TYRON CASEY won his motion for

summary judgment based upon Circuit Judge William W. Haury, Jr.'s determination that

Plaintiffs failed to meet all conditions precedent by mailing a defective form Exhibit 2

(Judge Haury's Order Granting TYRON CASEY'S Motion for Summary Judgment,

Exhibit 8), *rehearing denied* March 12, 2013. (Exhibit 9)

34. In fact, many Circuit Courts in Florida have likewise ruled that a defective notice such as

Exhibit 2 fails to meet all conditions precedent to filing a complaint for foreclosure.[3]

35. That the aforesaid foreclosure proceedings against TYRON CASEY are pending.

---

[2] Tyron Casey later amended his affirmative defenses to include the defective notice of acceleration (Defendant's amended affirmative defenses, ¶1, attached to Defendant's motion to amend affirmative defenses, Exhibit 6).  The parties then entered into an agreed Order granting Defendant's motion to amend affirmative defenses on December 11, 2012, Exhibit 7).

[3] *Resi Whole Loan VI, LLC v. Daniel McBride, et al*, Case No. 2011-14684-K, (13th Circuit, Hillsborough County June 21, 2012)(Exhibit 10); *Countrywide Home Loans, Inc. v. Timothy J. Wehnes*, 19 Fla. L. Weekly Supp. 187a (6th Circuit, Pasco County July 19, 2011)(Exhibit 11); *PHH Mortgage Corporation v. John S. Wink, et al*, Case No. 11-005659-CI-19 (6th Circuit, Pinellas County March 23, 2012)(Exhibit 12); *Green Tree Servicing LLC v. Robert A. Dookie*, Case No. 11-022651-11 (17th Circuit Broward County January 3, 2013)(Exhibit 13); *HSBC Bank USA as Trustee for OMAC 2005-4 v. Jason E. Colby*, 19 Fla. L. Weekly Supp. 638a (6th Circuit, Pasco County April 20, 2012)(Exhibit 14); *BAC Home Loans Servicing, L.P. F/K/A Countrywide Home Loans Servicing, L.P. v. Salvatore Crispino, et al*, Case No. 10-004465-11 (17th Circuit, Broward County January 24, 2013)(Exhibit 15); *Bank of America, N.A., Successor by Merge to BAC Home Loans Servicing, L.P., FKA Countrywide Home Loans Servicing LP v. Chamberlain*, Case No. 12-09843-11 (17th Circuit, Broward County January 2, 2013)(Exhibit 16).

36. Plaintiff herein, TYRON CASEY has suffered damages as a result of Defendants' herein deceptive practices, including but not limited to damage to his credit score.

## THE EXPERIENCES OF THE NAMED PLAINTIFF
## (RENEE THOMAS)

37. On September 10, 2007, Plaintiff herein, RENEE THOMAS received a Premium Capital Funding, LLC D/B/A Topdot Mortgage loan secured by a mortgage on her home, 911 Meridian Avenue, Unit #103, Miami Beach, FL 33139.[4] (Mortgage, Exhibit 17)

38. Under the terms of the mortgage/note, Plaintiff herein, RENEE THOMAS was required to make interest-only monthly payments of $898.05 for a period of 10 years, then monthly payments of $1,203.55 thereafter (Interest-Only Fixed Rate Note, Exhibit 19).

39. On September 16, 2009, Defendant BAC mailed to Plaintiff herein, RENEE THOMAS a notice of acceleration of her mortgage for allegedly not making her August 1, 2009 payment. (Exhibit 20)

40. On November 17, 2009, Defendant BAC wrongfully filed a foreclosure lawsuit against Plaintiff, RENEE THOMAS in the 11th Judicial Circuit in and for Miami-Dade County, Florida under case number 2009-83803-CA-01, when Defendant BAC herein failed to meet all conditions precedent.

41. BANA's complaint asserted that Plaintiff herein, RENEE THOMAS had defaulted on the terms of her promissory note and mortgage by not making her August 1, 2009 payment. (Complaint ¶6, Exhibit 21)

42. Plaintiff, RENEE THOMAS made her August 1, 2009 payment, and in her answer and

_____

[4] This mortgage was subsequently assigned to Defendant BAC on November 13, 2009. (Assignment of Mortgage, Exhibit 18)

affirmative defenses she expressly denied BAC's allegation that the August 1, 2009 payment had not been made.[5]  (Answer ¶3, Exhibit 22)

43. As a result of Defendant BANA's wrongful filing of said foreclosure lawsuit, Plaintiff, RENEE THOMAS filed for bankruptcy on May 17, 2011 in the U.S. Bankruptcy Court for the Southern District of Florida under Case No. 11-23425-AJC, and received her Discharge on August 26, 2011. (Discharge of Debtor, Exhibit 23)

44. Defendant BANA obtained a final judgment of foreclosure on January 31, 2013, which included a money judgment against Plaintiff RENEE THOMAS.[6]  (Final Judgment, Exhibit 24)

45. That the aforesaid foreclosure proceedings against RENEE THOMAS are pending, and there has been no judicial sale to-date.

46. Plaintiff herein, RENEE THOMAS has suffered damages as a result of Defendants' herein deceptive practices, including but not limited to damage to her credit score and having to defend against a wrongfully instituted foreclosure proceeding.

### THE EXPERIENCES OF THE NAMED PLAINTIFF
### (ROBERT FERGUSON)

47. On October 5, 2007, Plaintiff herein, ROBERT FERGUSON received a Universal Mortgage Corporation, D/B/A UFG Mortgage, mortgage loan secured by a mortgage on

---

[5] In fact, the Final Judgment specifically listed "return payment fee" as a $30.00 cost, which was included as part of the Final Judgment award. (¶1, Exhibit 24)

[6] The total judgment was for $209,542.04, and shall bear interest at the rate of 4.75% from the date of judgment. (¶2, Exhibit 24)

his home, 2014 NE 30 Street, Fort Lauderdale, FL 33306.[7]  (Mortgage, Exhibit 25)

48. Under the terms of the mortgage/note, Plaintiff herein, ROBERT FERGUSON was required to make monthly payments of $2,502.87 for a period of 30 years. (Note, Exhibit 26).

49. On January 17, 2011, Defendant BAC mailed to Plaintiff herein, ROBERT FERGUSON a notice of acceleration of his mortgage for allegedly not making his December 1, 2010 payment on a Form with content identical to Exhibit 2.

50. On November 14, 2012, Defendant BAC wrongfully filed a foreclosure lawsuit against Plaintiff, ROBERT FERGUSON in the 17th Judicial Circuit in and for Broward County, Florida under case number CACE 12-015289-11, when Defendant BAC herein failed to meet all conditions precedent.

51. BANA's complaint asserted that Plaintiff herein, ROBERT FERGUSON had defaulted on the terms of his promissory note and mortgage by not making his December 1, 2010 payment. (Complaint ¶9, Exhibit 29)

52. Plaintiff, ROBERT FERGUSON made his December 1, 2010 payment, but because he didn't have enough money to hire an attorney to bring an action against BANA to assert his defenses, as was stated in the notice of acceleration from BAC, he was defaulted on December 14, 2012.[8]

53. Defendant BANA subsequently obtained a final judgment of foreclosure on February 21,

---

[7] This mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc. on October 29, 2010 (Assignment of Mortgage, Exhibit 27), which was subsequently assigned to BAC on August 2, 2011. (Assignment of Mortgage, Exhibit 28)

[8] Robert Ferguson did file a letter, *pro se* with the Clerk on June 8, 2012 requesting 120 days to try and save his home. (Exhibit 30)

2013, which included a money judgment against Plaintiff ROBERT FERGUSON.[9]

(Final Judgment, Exhibit 31)

54. That the aforesaid foreclosure proceedings against ROBERT FERGUSON are pending, and a sale date of June 25, 2013 is pending.

55. Plaintiff herein, ROBERT FERGUSON has suffered damages as a result of Defendants' herein deceptive practices, including but not limited to damage to his credit score and being denied the right to defend himself in the foreclosure proceeding.

**COUNT I**
**BREACH OF CONTRACT**

56. Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members hereby adopt, reallege and reaffirm each and every allegation contained in paragraphs 1 through 55 of this Class Action Amended Complaint and further allege:

57. Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members entered into various valid contractual agreements with Defendant BANA that the Defendants BANA and BAC breached.

58. Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members entered into binding residential mortgage agreements and promissory notes with Defendant BANA.

59. The agreements provided that the Defendant BANA could foreclose on the loans in the event of default by Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members.

---

[9] The total judgment was for $422,275.94, and shall bear interest at the rate of 4.75% from the date of judgment. (¶1, Exhibit 31)

60. Defendant BANA materially breached their agreements with Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members by failing to perform all conditions precedent to filing foreclosure.

61. The contractual language found in paragraph 22 of the mortgages (Exhibits 1, 17 & 25) have a plain, unambiguous meaning, creating mandatory conditions precedent to acceleration and foreclosure.

62. Broken down further, paragraph 22 outlines specific conditions that must occur prior to the lender accelerating the note. The relevant conditions that have not occurred are:

   1) "The notice shall specify (a)…..(b) the action required to cure the default"

   2) "The notice shall specify (a)…..(d) that failure to cure the default on or before the date specified in the notice may result in acceleration of sums secured by this Security Instrument, foreclosure by judicial proceeding and the sale of the property."

   3) The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default of any other defense of Borrower to acceleration and foreclosure"

63. The notice that the Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and all putative Class Members received reveals that these three outlined conditions above which are all verbatim within paragraph 22 have not been performed nor have they occurred. (Exhibits 2 & 20)

64. The Defendants' notice is defective as the notice does not state what the Defendants were contractually obligate to perform.

65. More specifically, the defective notice states:  Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to

15

acceleration and foreclosure.

66. At all times mentioned herein, BAC is an agent or servant of BANA.

67. The purpose of Paragraph 22 is to let the borrower know that if a foreclosure action is filed against them then the borrower has the right to assert their defenses in the action. The defective notice that the Defendant BAC allegedly sent to the Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members does not comply with paragraph 22 because rather than advising the Plaintiffs and putative Class Members of their right to assert their defenses in the foreclosure action filed by the Defendants, the defective notice states that the Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members may file their own action to assert their defenses.

68. Operating under this belief, the Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members would never and have not received notice that the foreclosure process would be initiated by judicial proceeding and the borrow would be left to believe that if they wished to dispute anything, they would have to file their own lawsuit and name the lender, BANA as Defendant.

69. By not accurately disclosing the terms of paragraph 22 Defendants have breached the contract that they have with each Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Member; they have deceptively mislead the Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members as to their true and legal rights; they caused Plaintiffs, ROBERT FERGUSON and each putative Class Member to waive their right to defend themselves in the foreclosure action; they have caused the Plaintiffs, TYRON CASEY, RENEE

16

THOMAS; ROBERT FERGUSON and putative Class members to lose their opportunity to recast or refinance their mortgage and Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and each putative Class member has experienced an ascertainable loss by either losing the equity in their real estate, losing their real estate and their home, losing their tenants if they had any, losing the chance to find a tenant, lost their chance to defend the ultimate foreclosure action and Plaintiffs, RENEE THOMAS; and putative Class members lost the money used to defend the legal action filed by the Defendants.

70. As a result of the Defendants' breach of contract the Defendants have caused the Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and the putative Class Members to suffer monetary losses.

**WHEREFORE**, Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and putative Class Members respectfully requests this Honorable Court to enter judgment in favor of the Plaintiffs, TYRON CASEY, RENEE THOMAS; ROBERT FERGUSON and The Class or persons which they seem to represent and award damages incurred as a result of the Defendants' breach of contract, punitive damages, and to further award statutory pre-judgment interest, and legal fees and costs, and demands trial by jury of all issues so triable.

## <u>COUNT II</u>
### <u>MISREPRESENTATION TO A TRIBUNAL</u>

71. Plaintiffs, RENEE THOMAS and putative Class Members hereby adopt, reallege and reaffirm each and every allegation contained in paragraphs 1 through 55 of this Class Action Amended Complaint and further allege:

72. Plaintiffs, RENEE THOMAS and putative Class Members entered into various

contractual agreements with Defendants that the Defendants breached.

73. Plaintiffs, RENEE THOMAS and putative Class members entered into binding residential mortgage agreements with Defendants.

74. The agreements provided that the Defendants could foreclose on the loans in the event of default by Plaintiffs, RENEE THOMAS and putative Class Members.

75. Defendants breached their agreements with Plaintiffs, RENEE THOMAS and putative Class Members by failing to provide proper notice of acceleration, and therefore failed to perform conditions precedent to foreclosure.

76. The Defendants knew or should have known that the notice to Plaintiffs, RENEE THOMAS and putative Class Members was defective because they have sent out proper notices to many other homeowners.  However, in Defendants' endeavor to foreclose quickly they callously disregarded contractual rights. The Defendants, through gross negligence, sent out non-judicial notices to Plaintiffs, RENEE THOMAS and putative Class Members. (Exhibit 12)

77.  The Defendants further knew or should have known that the notice was defective because prior to the date of obtaining a final judgment against Plaintiffs, RENEE THOMAS and putative Class Members, there were numerous standing Orders by several Florida Circuit Judges, who had found the same notice to be defective and therefore all conditions precedent had not been met.  (Footnote #3, Amended Complaint)

78. Notwithstanding, the Defendants misrepresented this material fact to each foreclosure Judge in their complaint that all conditions precedent had been met prior to obtaining a judgment.

79. By not accurately disclosing the terms of paragraph 22 of the mortgage in their notice of

acceleration, Defendants have breached the contract that they have with Plaintiffs, RENEE THOMAS and putative Class Members; the Defendants deceptively mislead the foreclosure Judge(s) that all conditions precedent had been met, and then obtained a judgment based upon the misrepresentation.

80. That the judgment of foreclosure entered against Plaintiffs, RENEE THOMAS and putative Class Members, which the Defendants obtained through misrepresenting that all conditions precedent had been met prior to judgment, may be set aside pursuant to Florida Statutes §702.07 and/or Fla. R. Civ. P., Rule 1.540(b)(3).

81. As a result of the Defendants' misrepresentation to the state foreclosure courts the Defendants have caused the Plaintiffs, RENEE THOMAS and putative Class Members to suffer monetary losses.

**WHEREFORE**, Plaintiffs, RENEE THOMAS and putative Class Members respectfully requests this Honorable Court to set aside/vacate all foreclosure judgments rendered not longer than one (1) year without prejudice between Plaintiffs, RENEE THOMAS and putative Class Members and Defendants, and award damages incurred as a result of the Defendants' misrepresentation, punitive damages, and to further award legal fees and costs, and demands trial by jury of all issues so triable.

<u>**COUNT III**</u>
<u>**VIOLATION OF FLORIDA STATUTE CHAPTER 559**</u>
<u>**(FLORIDA CONSUMER COLLECTION PRACTICES ACT)**</u>

82. Plaintiffs, RENEE THOMAS and putative Class Members hereby adopt, reallege and reaffirm each and every allegation contained in paragraphs 1 through 55 of this Class Action Amended Complaint and further allege:

19

83. This is an action against Defendants for damages and declaratory and injunctive relief on account of their collection practices in violation of Florida Statutes §559.72.

84. Plaintiffs, RENEE THOMAS and putative Class Members entered into various contractual agreements with Defendants.

85. Plaintiffs, RENEE THOMAS and putative Class Members entered into binding residential mortgage and promissory note agreements with Defendants.

86. These agreements provided that the Defendants could foreclose on the loans in the event of default by Plaintiffs, RENEE THOMAS and putative Class Members, and that a money judgment could be entered individually against Plaintiffs for breach of the promissory notes.

87. The collection notice that the Plaintiffs, RENEE THOMAS and all other putative Class Members received expressly provides, "If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law". (Exhibit 12)

88. The collection notice that the Plaintiffs, RENEE THOMAS and all other putative Class Members received reveals that the conditions of paragraph 22 of the mortgage have not been performed nor have they occurred.

89. Plaintiffs, RENEE THOMAS and putative Class Members received written communications from BAC stating that they were in default under provisions of their mortgage and promissory note.

90. Defendants filed a foreclosure action against Plaintiffs, RENEE THOMAS and putative Class Members based upon the alleged breach and collection letter (notice of

acceleration), and failure to make payment in accordance with the promissory notes, and obtained a money judgment as well as a foreclosure against them.

91. In Defendants' business of collecting debts and in attempting to collect the debt, the Defendants have utilized the United States Postal Service, telephones, and other means and instrumentalities of interstate commerce.

92. Plaintiffs, RENEE THOMAS and putative Class Members are a "debtor" and a "consumer" as defined by F.S. §559.55(2).

93. The debt is a "consumer debt" as defined by F.S. §559.55(1).

94. Defendants have violated the Florida Consumer Collections Practices Act. Specifically, Defendants have violated Fla. Stat. §559.72(9) by Defendants attempting to collect a promissory note debt through a foreclosure action that was not legitimate in that the notice of acceleration was defective, therefore all conditions precedent had not been met, and the Defendants were asserting a legal right when it knew or should have known that the right did not exist.

95. Due to these violations of Florida law by Defendants as set forth above, the Plaintiffs, RENEE THOMAS and putative Class Members seeks injunctive relief, as is required to preclude further violations of the Florida Consumer Collection Practices Act by the Defendants as provided under Fla. Stat. §559.77.

96. Due to the violations of Florida law by the Defendants as set forth above, the Plaintiffs, RENEE THOMAS and putative Class Members have been damaged and are entitled to an award of damages (actual and/or statutory) and to declaratory and injunctive relief.

97. On account of the foregoing violations, the Plaintiffs, RENEE THOMAS and putative Class Members have retained the undersigned attorneys and have agreed to pay them a reasonable fee for their services.

**WHEREFORE**, Plaintiffs, RENEE THOMAS and putative Class Members pray the Court award damages and equitable relief, actual damages, statutory damages, punitive damages, pre-judgment interest, together with court costs and attorney's fees, pursuant to Florida Statutes §559.55 *et seq.*, demands trial by jury of all issues so triable, and such other and further relief as the Court deems just and proper.

**COUNT IV**
**VIOLATION OF FLORIDA STATUTE CHAPTER 501**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

98. Plaintiffs, TYRON CASEY; RENEE THOMAS; ROBERT FERGUSON and putative Class Members hereby adopt, reallege and reaffirm each and every allegation contained in paragraphs 1 through 55 of this Class Action Amended Complaint and further allege:

99. This is an action against Defendants for damages and declaratory and injunctive relief on account of deceptive acts or unfair practices of BAC, as agent for BANA, in violation of the Florida Deceptive and Unfair Trade Practices Act, Chapter 501 of the Florida Statutes (hereinafter "FDUTPA").

100.    Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members entered into various contractual agreements with Defendants that the Defendants breached.

101.    Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class members entered into binding residential mortgage agreements with Defendants.

22

102.     The agreements provided that the Defendants could foreclose on the loans in the

event of default by Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT

FERGUSON and putative Class Members.

103.     The contractual language found in paragraph 22 of the mortgages (Exhibits 1, 17

& 25) has a plain, unambiguous meaning, creating mandatory conditions precedent to

acceleration and foreclosure.

104.     Broken down further, paragraph 22 outlines specific conditions that must occur

prior to the lender accelerating the note.  The relevant conditions that have not occurred

are:

1)  "The notice shall specify (a)…..(b) the action required to cure the default"

2)  "The notice shall specify (a)…..(d) that failure to cure the default on or before the

     date specified in the notice may result in acceleration of sums secured by this Security

     Instrument, foreclosure by judicial proceeding and the sale of the property."

3)  The notice shall further inform Borrower of the right to reinstate after acceleration

     and the right to assert in the foreclosure proceeding the non-existence of a default of

     any other defense of Borrower to acceleration and foreclosure"

105.     The deceptive notice that the Plaintiffs, TYRON CASEY, RENEE THOMAS,

ROBERT FERGUSON and all other putative Class Members received reveals that these

three outlined conditions above which are all verbatim within paragraph 22 have not been

performed nor have they occurred.

106.     The Defendant, BAC's unconscionable business practice was misleading to the

Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and all other

putative Class Members by mailing to them a deceptive notice as to their true and legal

rights.

107.     More specifically, the deceptive notice states:  "Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure".

108.     The purpose of Paragraph 22 is to let the borrower know that if a foreclosure action is filed against them, then the borrower has the right to assert their defenses in the action. The business practice form of deceptive notice that the Defendant BAC sent to the Plaintiffs and putative Class Members does not comply with paragraph 22 because rather than advising the Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members of their right to assert their defenses in the foreclosure action filed by the Defendants, the deceptive notice states that the Plaintiffs and putative Class Members may file their own action to assert their defenses.

109.     Operating under this belief, the Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members would never and have not received notice that the foreclosure process would be initiated by judicial proceeding and the would be left to believe that if they wished to dispute anything, they would have to file their own lawsuit and name the lender as Defendants.

110.     By not accurately disclosing the terms of paragraph 22 in the notice, Defendant BAC unfairly and deceptively mislead the Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and the putative Class Members as to their true and legal rights, proximately caused Plaintiff and putative Class Members to suffer actual damages, to-wit;; to lose their opportunity to recast or refinance their mortgage; either losing the equity in their real estate, losing their real estate and their home, losing their

tenants if they had any, losing the chance to find a tenant; and for ROBERT FERGUSON and the putative Class Members lost their chance to defend the ultimate foreclosure action and Plaintiffs, RENEE THOMAS and the putative Class Members lost the money used to defend the legal action filed by the Defendants.

111.    The deceptive representations with regard to the notice are all material facts that would induce a reasonable consumer to be mislead as to their true and legal rights.

112.    The Defendant BAC's affirmative acts, as agent for BANA, knowing deception, omission or concealment of the proper notice requirements of the mortgage and other conduct set forth in these pleadings were conducted with the intent that Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members would rely thereon.

113.    Defendant BAC is engaged in commerce in the State of Florida, as defined by §501.203(8), Florida Statutes, and are therefore subject to the provisions contained in §501.201 *et seq*., Florida Statutes, the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

114.    Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members, are a "consumer" as defined by §501.203(7), Florida Statutes, and as such is entitled to the protection of FDUTPA.

115.    Defendant BAC violated Fla. Stat. §501.204(1) by deceptively misleading, expressly and implicitly, directly and indirectly the Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members as to their true and legal rights.

116.     Defendant BANA is responsible for the policies of these debt collection activities, BANA approved these debt collection activities, and therefore was responsible for them.

117.     As a result of Defendant BAC's violations of FDUTPA, Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and the putative Class Members have been aggrieved and are thus entitled to damages under the FDUTPA.

118.     As a result of Defendants' violations of FDUTPA, Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and the putative Class Members have been forced to retain undersigned counsel and has agreed to pay them a reasonable fee for their services.

**WHEREFORE**, Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members respectfully request this Court enter an Order granting the following relief:

1) Award Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members, damages pursuant to §501.201 *et.seq.*, Florida Statutes;

2) Enter a declaratory judgment to the effect that the Defendants have engaged in unfair, unconscionable, and deceptive business practices, in violation of the FDUTPA as set forth in §501.201 *et.seq.*, Florida Statutes;

3) Enter a prohibitive injunction enjoining the Defendants from sending out any further deceptive notices, and further requiring Defendants to return all ill gotten gains received by sending out said deceptive notices;

4) Award Plaintiffs, TYRON CASEY, RENEE THOMAS, ROBERT FERGUSON and putative Class Members, actual damages, pre-judgment interest, punitive damages, and

reasonable attorneys' fees and costs incident to the bringing of this action, pursuant to

§501.2105 Florida Statutes, and

5) Demands trial by jury of all issues so triable.

Dated this 20th day of May, 2013

Respectfully submitted,

/s/      Kirk J. Girrbach
KIRK J. GIRRBACH. ESQ.
Florida Bar No. 851541
Email:  Kirk@GirrbachCohen.com
**Law Offices of Girrbach & Cohen, P.A.**
2787 E. Oakland Park Blvd., Suite 411
Fort Lauderdale, FL 33306
Telephone:  (954) 566-6615
Facsimile:  (954) 678-4246
*Attorneys for Plaintiff*


**Lomurro Davison Eastman & Munoz, P.A.**
Richard Galex, Esq., Fla. Bar No. 957798
Mathew Schiappa, Esq., *pro hac vice pending*
100 Willow Brook Road, Suite 100
Freehold, NJ 07728
Telephone:  (732) 462-7170
Facsimile:  (732) 409-0292
Service by Email:  rgalex@lomurrolaw.com
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2013, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of electronic filing generated by CM/ECF, or via U.S. Mail.

/s/      Kirk J. Girrbach
KIRK J. GIRRBACH, ESQ.

**Liebler, Gonzalez & Portuondo, P.A.**
J. Randolph Liebler, Esq., Fla Bar No. 507954
Email:  jrl@lgplaw.com
Marc T. Parrino, Esq., Fla Bar No. 0018197
Email:  mtp@lgplaw.com
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Facsimile:  (305) 379-9626