**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-60983-CIV-DIMITROULEAS**

TYRON CASEY, on behalf of himself and
all others similarly situated,

Plaintiffs,

vs.

BANK OF AMERICA, N.A., SUCCESSOR
BY MERGER TO BAC HOME LOANS
SERVICING, L.P., a wholly owned
subsidiary of Bank of America,

Defendant.
________________________________________/

**ORDER GRANTING MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") [DE 43], filed herein on December 9, 2013. The Court has considered the Motion [DE 43], the Response [DE 44], and the Reply [DE 45] and is otherwise fully advised in the premises.

## I. BACKGROUND

The parties to this action are Plaintiff Tyron Casey ("Casey") and Defendant Bank of America, N.A. ("BANA" or "Defendant"). Defendant originates and services residential mortgages throughout the United States and Florida. [DE 40 ¶ 3]. Plaintiff—and all putative class members—borrowed money from Defendant and signed mortgages and promissory notes secured by real estate. [*Id.* ¶¶ 14, 23].

Plaintiff entered into his mortgage with Defendant on August 17, 2007. [*Id.* ¶ 23]. On May 17, 2010, Defendant mailed to Plaintiff a notice of acceleration of the mortgage because Plaintiff had allegedly failed to make his April 1, 2010, payment. [*Id.* ¶ 25]. Defendant subsequently initiated foreclosure proceedings against Plaintiff on February 7, 2012. [*Id.* ¶ 26]. Plaintiff maintains that those proceedings were wrongfully filed because Defendant had mailed a defective notice of acceleration and, therefore, had failed to meet all conditions precedent to foreclosure. [*Id.* ¶¶ 26, 29]. Plaintiff successfully defended against those foreclosure proceedings, obtaining summary judgment in his favor through an order entered on January 22, 2013. [*Id.* ¶ 29; DE 40-8]. Nevertheless, Plaintiff alleges that those foreclosure proceedings caused damages, including but not limited to the following: "credit stigma; damage to his credit score/history; his inability to qualify for a mortgage loan for 3-5 years; loss of credit expectancy; loss of credit capacity; reputation; loss of credit worthiness; increased cost of credit; unavailability of credit; anxiety; and mental and emotional distress." [DE 40 ¶ 32].

Based on Defendant's conduct—*i.e.* initiating foreclosure proceedings without complying with the condition precedent of mailing an adequate notice—Plaintiff, on behalf of himself and all others similarly situated, has brought a claim for breach of contract. [*Id.* ¶¶ 33-50]. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), Defendant moves to dismiss this action for failure to state a claim.

## II. <u>STANDARD OF REVIEW</u>

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly*, 550 U.S. at 568 n.8 (internal quotations omitted).

## III. DISCUSSION

Defendant asserts two overarching arguments in favor of dismissal. First, Defendant argues that Plaintiff cannot allege a material breach of his mortgage, as required for a breach of contract claim.[1] Specifically, Defendant maintains that it complied with the mortgage's notice provision and, alternatively, that breach of the notice provision would not rise to the level of a

[1] "To state a cause of action for breach of contract under Florida law, a Plaintiff must allege (1) a valid contract, (2) a material breach of the contract, and (3) damages resulting from the breach." *NPA Assocs., LLC v. Lakeside Portfolio Mgmt., LLC*, No. 12–23930–CIV, 2014 WL 714812, at *4 (S.D. Fla. Feb. 22, 2014) (citing *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)).

material breach.

Second, Defendant argues that Plaintiff cannot allege damages stemming from the purported breach. Defendant asserts that the Fair Credit Reporting Act (the "FCRA") preempts causes of action for damages related to credit scores and, alternatively, that Plaintiff's allegations of damages are too speculative to support a breach of contract claim.

The Court agrees that Plaintiff has not adequately alleged damages arising from a breach of contract.[2] Plaintiff alleges that Defendant's breach caused Plaintiff's credit problems and emotional distress. However, for the following reasons, the Court finds that neither theory of damages succeeds.

A. **<u>Credit-Related Damages</u>**

Plaintiff's theory of credit-related damages suffers two major flaws. First, the alleged credit-related damages are too speculative. Under Florida law, speculative damages are not recoverable for a breach of contract. *Stein v. Paradigm Mirasol, LLC*, 586 F.3d 849, 856 (11th Cir. 2009) (citing *A.R. Holland, Inc. v. Wendco Corp*., 884 So. 2d 1006, 1008 (Fla. 1st DCA 2004)). "Any damages related to lost credit offers, such as pre-approved credit cards, or lost opportunities to refinance [a] mortgage are purely speculative and not recoverable." *Lee v. Security Check, LLC*, No. 3:09–cv–421–J–12TEM, 2010 WL 3075673, at *13 (M.D. Fla. Aug. 5, 2010). Similarly, a decision to forego applying for credit, out of fear that a rejected application will further harm the credit rating, is too speculative to constitute damages. *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1265 (S.D. Fla. 2009); *see also Divenuta v. Bilcare, Inc.*, No.

[2] The Court does not make any holding with respect to whether Defendant complied with the mortgage's notice provision or, alternatively, whether a breach of that provision constituted a material breach of the mortgage.

09–3657, 2011 WL 1196703, at *8 (E.D. Pa. Mar. 30, 2011) ("[L]oss of credit, standing alone, is not proof of damage, unless the loss of credit connects itself with some tangible pecuniary loss of which the loss of credit was the cause." (internal citations and quotations omitted)).

Here, Plaintiff has not alleged any tangible pecuniary loss connected to his credit. He does not allege that he received less favorable financing terms because of his decreased credit or that he otherwise lost money. Rather, he generally alleges, without more, that Defendant's conduct negatively impacted his credit report/history. *See* [DE 40 ¶¶ 32, 48-50]. These general allegations, if true, do not establish a tangible pecuniary loss, as required for the damages element of a breach of contract claim.

Second, even if Plaintiff had adequately alleged credit-related damages, he has not alleged facts showing that Defendant's breach of the mortgage's notice provision caused those damages. The defective notice and the subsequent foreclosure proceedings did not directly cause any change with respect to Plaintiff's credit. Rather, Defendant—as an independent act separate from the liabilities and obligations under the mortgage—reported the foreclosure to the credit bureaus, which, in turn, made any adjustments to Plaintiff's credit. Therefore, it was Defendant's conduct of reporting—and not Defendant's conduct of sending a defective notice or initiating foreclosure proceedings—that proximately affected Plaintiff's credit. Accordingly, Defendant's breach of the mortgage did not cause any damage vis-à-vis Plaintiff's credit.[3]

B. **<u>Damages From Anxiety and/or Mental and Emotional Distress</u>**

Plaintiff's allegations of anxiety and/or mental and emotional distress are insufficient to

[3] Because Plaintiff has failed to allege damages caused by Defendant's breach of contract, the Court need not decide whether the FCRA would preempt Plaintiff's breach of contract claim.

support a breach of contract claim. "Florida case law holds that where the gravamen of the proceeding is breach of contract, even if such breach be willful and flagrant, there can be no recovery for mental pain and anguish resulting from such breach." *Floyd v. Video Barn, Inc.*, 538 So. 2d 1322, 1325 (Fla. App. 1st DCA 1989) (internal quotations omitted); *see also Crenshaw v. Sarasota Cnty. Public Hosp. Bd.*, 466 So. 2d 427, 429 (Fla. App. 2d DCA 1985) ("We do not believe there may be recovery for mental distress caused by a breach of contract in the absence of an independent willful tort."). Accordingly, Plaintiff cannot rely on his anxiety, mental distress, or emotional distress to establish his breach of contract claim.

## IV. CONCLUSION

Plaintiff has, once again, failed to state any viable claims against Defendant. The alleged breach of the mortgage was not the cause of the deficiencies with Plaintiff's credit score/history. Rather, Defendant's independent conduct of reporting to the credit bureaus led to those deficiencies. Moreover, even if the breach were the cause, those credit-related consequences, as alleged, do not constitute the tangible pecuniary losses required for the damages element of a breach of contract claim. Although it appears that Plaintiff does not have a viable cause of action against Defendant, the Court will provide Plaintiff one final opportunity to amend the pleadings to attempt to overcome the deficiencies stated herein.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 43] is hereby **GRANTED**;
2. The Second Amended Complaint [DE 40] is **DISMISSED WITHOUT PREJUDICE**; and
3. Plaintiff may file an amended complaint on or before March 21, 2014.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of March, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record